

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 9, 1957

Hon. Price Daniel
Governor of Texas
Capitol Station
Austin, Texas

Dear Governor Daniel:

Opinion No. WW-305

Re: Whether by virtue of the provisions of Section 18, Article III, of the Texas Constitution, a member of the Legislature is eligible for appointment by the Governor to an office in the Executive Department during the term of office for which he is elected.

You have requested our opinion as to whether by virtue of the provisions of Section 18, Article III, of the Texas Constititution, a member of the Legislature is eligible for appointment by the Governor to an office in the Executive Department during the term of office for which he is elected, which appointment requires confirmation of the Senate, and when the Legislature of which he is a member has not created the position nor increased nor changed the emoluments of the office.

Article III, section 18, of the State Constitution is as follows:

"No Senator or Representative shall, during the term for which he may be elected, be eligible to any civil office of profit under this State, which shall have been created, or the emoluments of which may have been increased during such term; no member of either House shall, during the term for which he is elected, be eligible to any office or place, the appointment to which may be made, in whole or in part, by either branch of the Legislature; and no member of either House shall vote for any other member for any office whatever, which may be filled by a vote of the Legislature, except in such cases as are in this Constitution provided. Nor shall any member of the Legislature be interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law passed during the term for which he shall have been elected."

The answer to your question depends upon the interpretation of the second sentence of Section 18, which reads that

"No member of either House shall, during the term for which he is elected, be eligible to any office or place, the appointment to which may be made, in whole or in part by either branch of the Legislature: . . ." It therefore becomes necessary to determine whether confirmation by the Senate under the provisions of Section 12, Article IV, of the Texas Constitution constitutes an "appointment" by the Senate. If the act of confirmation by the Senate is an "appointment", then, under the clear, unambiguous phraseology of Section 18, Article III, no member of the Legislature, during his term of office, is eligible for appointment by the Governor, if confirmation is essential.

In an opinion written by Assistant Attorney General R. W. Fairchild, considered in conference and approved by Gerald C. Mann, Attorney General of Texas, as Opinion No. O-1092, Conference Opinion No. 3076, answering an almost identical question, the Attorney General held that confirmation by the Senate constituted an integral part of the "appointment" and, therefore, under the provisions of Section 18, Article III, no member of the Legislature was eligible for appointment by the Governor to any office which required confirmation by the Senate of Texas under the provisions of Section 12, Article IV of the Constitution during the term of office for which the legislator had been elected.

The opinion by Attorney General Mann has exhaustively briefed the authorities upon which the ruling was based and, in addition, has carefully cited and discussed prior opinions of preceding Attorneys General and distinguished their holdings. We concur in the ruling by Attorney General Mann above referred to and adopt the following quotations therefrom:

"The determination of the question of eligibility of a Legislature, during the term of office for which he is elected, turns upon the meaning to be given the word 'appointment,' used in the second clause of Article 3, Section 18.

"If the term 'appointment' is used in the broad sense, that is, as comprising that completed series of acts by virtue of which a person may acquire the right to take and hold an office, then the Legislator is ineligible to such 'appointment' in this instance, for one of the steps in that proceeding, necessary to be performed to entitle the person to take and hold the office, consists in confirmation by the Senate. On the other hand, if the term 'appointment' as used therein is synonymous with 'nomination,' that is, if it means no more than the act of

naming the person who, if the other steps necessary to entitle him thereto are favorably completed, may take and hold the office, then the Legislator would be eligible, for the power to 'nominate' is vested in this instance in the Chief Executive alone.

"In the determination of the meaning to be ascribed to the word 'appointment,' as used in the second clause of Article 3, Section 18, the words 'in whole or in part,' used in the same clause, are of particular significance.  By the application of well-known and commonly understood rules of grammatical construction, it is apparent that the words 'in whole or in part' modify the term preceding them in the clause, towit, 'appointment.'  The meaning of the clause, therefore, may be grasped more readily by restating it as follows:

"'If the whole or a part of the appointment to an office may be made by either branch of the Legislature, no member of the Legislature shall, during the term for which he is elected, be eligible to such office or place.'

"If the term 'appointment,' used in Article 3, Section 18, was intended to have no greater meaning than 'nomination,' it is difficult, if not impossible, to ascribe any reasonable meaning to the words 'in part.'  It is, therefore, important to note that the framers of the Constitution contemplated that an 'appointment' might be divisible into parts, and that a part of the 'appointment' might be made by 'either branch of the Legislature.'

"Necessarily, it seems to us, it was contemplated by the framers of the 1876 Constitution that an 'appointment' might consist of several steps, the performance of each of which was necessary to vest in the person the right to take and hold the office or place, and that the performance of one of these steps in the 'appointment' might be vested in one branch of the Legislature.  It is significant to note that Article 4, Section 12, of the Constitution, itself vests in the Senate the performance of one of the steps necessary to entitle a person to take and hold a State or district office; that is, such provision of the Constitution requires the Senate to confirm or reject persons named by the Governor to fill vacancies in State or district offices, as a condition precedent to

the right of such persons to take and hold, until the next general election, such offices.

"Thus it is evident that the framers of the Constitution had in mind, by the very language used by themselves, in such Constitution, one of the methods by which a branch of the Legislature might perform one of the steps necessary to entitle a person to take and hold an office or place.  On the other hand, it is not easy to comprehend how a branch of the Legislature might exercise part of the power to 'nominate' a person to fill an office or place.  It would seem that in order to give full effect to the Constitutional provision, so that the interpretation thereof might accord with the inten- tion of its framers and the fullest protection afforded against the evils sought therein to be safe- guarded against, the term 'appointment' should be construed as having the broader meaning attributed to it above.

". . .

"We are of the opinion that, where confirma- tion by either branch of the Legislature is required to be had, under Article 4, Section 12, of our Con- stitution, a member of the Legislature is ineligible to be named to fill such office or place.

"The ineligibility of the Legislator to such office or place extends throughout the entire period of time assigned by the people to the office of mem- ber of the Legislature, to which he was elected. Such ineligibility may not be removed by resignation from the office, for the Constitution does not provide that it shall continue only during such a period of time as he is a member of the Legislature, or during the period of time that he actually served as such, but expressly provides that the ineligibility shall endure 'during the term for which he is elected.'"

Among the authorities cited in support of this ruling are Brown v. State, 43 Tex. 478 (1895); Denison v. State, 61 S.W.2d 1017, 1021 (Civ.App. 1933, error ref., 61 S.W.2d 1022); Keenan v. Perry, 24 Tex. 237 (1859), and Ex parte Hennen, 13 U.S. 133 (1839).  The Supreme Court of Texas has recently re- affirmed the holding in Denison v. State, supra, in Walker v. Baker, 145 Tex. 121, 196 S.W.2d 324 (1946).

It is our opinion that no member of the Legislature is eligible for appointment by you to an office in the Executive Department which requires confirmation by the Senate during the term of office for which the legislator has been elected, even though the Legislature of which he is a member has not created the office or changed its emoluments.

## SUMMARY

No member of the Legislature is eligible for appointment by the Governor to an office in the Executive Department which requires confirmation by the Senate during the term of office for which the legislator has been elected, even though the Legislature of which he is a member has not created the office or changed its emoluments.

Yours very truly,

WILL WILSON
Attorney General of Texas

By C. K. Richards
Assistant

CKR:wb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
John H. Minton, Jr.
Wayland C. Rivers, Jr.
J. C. Davis, Jr.
Joe Wheeler
Mark McLaughlin
W. V. Geppert